Chief Justice Simpson
delivered the opinion oí the;Court.
This was a motion against the plaintiff in error as sheriff, for having issued and collected a fee bill containing illegal charges. The sheriff’s receipt for one ■dollar and fifty cents, for serving a subpoena in Chan'cery on three defendants, and also for eight dollars and eighty-two cents, for returning said'subpcena not found? as to forty-two of the defendants, being twenty-one cents for each defendant, was produced and relied upon to sustain the motion, but there was no evidence that the sheriff had issued a fee bill for the charges contained in the receipt. The Circuit Court decided tha-t the *50 charge made for the return of not found, on the chancery subpoena, was illegal; allowed the sheriff twenty-one cents for the return, ordered him to restore the bal' anee of. the sum collected by him on that account to the plaintiff in the motion, and imposed a fine upon him of forty-one dollars. To that judgment, the sheriff has prosecuted a writ of error.
There is no statute of Kentucky allowing a Sheriff any fee for a return of “sot found’' upon a subpcena in chan eery.
The statute of 1828: (2 Statute Law, 702,} authorizes a fine against a Sheriff for issuing an illegal fee bill, or fee bill containing illegal charges to be inflicted ttponmotion, but does n't embrace the case of collecting an illegal charge where no .fee bill has issued.
We have not been able to find any statute allowing a fee to a sheriff, for making a return of not found, upon a subpcena in chancery. For returning a capias, non est inventus, he is allowed a fee of twenty-one cents. The fee may have been allowed him, because to author-ze such a return upon a capias, the law requires him to jgo to the place of residence of the defendant, and leave there a copy of the process. But the requisition does not extend to a subpcena in chancery, nor is the sheriff entitled to any fee for endorsing thereon a return of not found. The whole charge was therefore unauthorized and illegal.
But as there was no evidence that the sheriff had issued a fee bill for this illegal charge, the question arises, whether the case is embraced by the statute under which the motion was made. By the act of 1828, (2d vol. Stat. Law, 702,) it is enacted, “that all civil officers in this Commonwealth, who are by law authorized to issue fee bills, shall be subject to the same fines, forfeitures and liabilities, to which Clerk’s of Courts are now subject, for issuing fee bills containing illegal charges, and may be proceeded against in the same manner.” According to this statute, the offence, for which a sheriff is subjected to the same fines, and made liable to be proceeded against in the same manner as Clerks of Courts, is for issuing a fee bill containing illegal charges. To charge and collect a fee not authorized by law, without having issued a fee bill therefor, is certainly illegal; utas certain officers are invested by law with the power to issue fee bills for services rendered by themselves, which when issued carry with them the right of distress, a right that affords a speedy and effi- *51 dent remedy for their collection, the Legislature has deemed it necessary to restrain an improper exercise of this power, and punish its abuse. The act however does not apply to a case where an illegal fee has been claimed and collected by a sheriff, without a fee bill having been issued; and being penal in its provisions, it cannot be extended by construction to a case not embraced by the fair import of the language used.
But by an act of 1810, a clerk is fineable for char ging and collecting an illegal charge: (1 Statute Law, 392.)
B. Monroe for plaintiff; S. Williams for defendants.
By an act passed in 1810, (1 vol. Stat. Law, 392,) a fine is imposed upon the Clerk of any Court who shall either charge or demand, or receive any greater or other fees than are allowed by law. The language of that act is more comprehensive than that used in the one under consideration, and the obvious discrimination by the Legislature between the cases provided for in the two acts, leads irresistibly to the conclusion, that it only intended the latter to apply, where a fee bill containing erroneous charges, had been actually issued.
Such is our interpretation of the meaning of the act, and consequently we think it does not authorize the proceeding in this case against the sheriff.
Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the motion.